# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 1:19-cr-44 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| MARCO ANTONIO MEZA PASCUAL | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Marco Antonio Meza Pascual's motion to dismiss indictment for violation of the Speedy Trial Act (Doc. 25). There is no dispute that the Government has violated Defendant's protections under the Speedy Trial Act, and Defendant's motion (Doc. 25) will be **GRANTED**. The only issue left for the Court to determine is whether the indictment should be dismissed with or without prejudice. For the following reasons, the indictment will be **DISMISSED WITH PREJUDICE**.

## I. PROCEDURAL HISTORY

Defendant was indicted on February 26, 2016, for illegal re-entry in violation of Title 8, United States Code, Section 1326(a). (Doc. 1.) He made his initial appearance and was arraigned on March 5, 2019. (Doc. 7.) On April 4, 2019, U.S. Magistrate Judge Christopher H. Steger granted bond and set the conditions of release. On April 26, 2019, the U.S. Probation Office filed a presentence investigation report informing the Court that Defendant's offense level was six and his criminal history category was I. (Doc. 23, at 4–5.) These computations yielded a guideline range of zero to six months, in Zone A of the United States Sentencing Commission's Sentencing Table. (*Id.* at 8.)

The Court then received notice that, upon Defendant's release on bond, U.S. Immigration and Customs Enforcement ("ICE") took him into custody and deported him.

On June 3, 2019, Defendant filed the instant motion to dismiss indictment with prejudice for violation of the Speedy Trial Act. (Doc. 25.) Defendant's counsel represents that, according to information from the U.S. Department of Homeland Security, Defendant was deported on April 28, 2019. (*Id.* at 1.) The Government has responded asking the Court to dismiss the indictment without prejudice. (Doc. 26.) Defendant's motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

The Speedy Trial Act requires that the trial of a defendant charged in an information or indictment "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The statute also sets forth periods of delay to "be excluded in computing the time within which . . . the trial of any such offense must commence." *Id.* § 3161(h).

"[I]f a meritorious and timely motion to dismiss [based on a Speedy Trial Act violation] is filed, the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice." *Zedner v. United States*, 547 U.S. 489, 499 (2006). To make this determination, the Court considers the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); *see, e.g.*, *United States v. Turner*, 602 F.3d 778, 786 (6th Cir. 2010) (remanding for the district court to determine whether charges should be dismissed with or without prejudice under § 3162(a)). The Court must balance these three factors without a presumption in favor of

dismissal with or without prejudice. *United States v. Gross*, 432 F. App'x 490, 493 (6th Cir. 2011).

### III. ANALYSIS

Defendant made his initial appearance in federal court on March 5, 2019. (Doc. 7.) The speedy-trial clock began to run on that date. *United States v. Crawford*, 982 F.2d 199, 203 (6th Cir. 1993). Defendant and the Government agree that the non-excludable time periods at issue exceed seventy days. (Doc. 25, at 2; Doc. 26, at 1.) Thus, there is no dispute that there has been a Speedy Trial Act violation.

To determine whether dismissal should be with or without prejudice, the Court considers the three factors listed in 18 U.S.C. § 3162(a)(1). First, this Court has, for some time, not considered illegal re-entry a "serious" offense in the absence of aggravating factors. *See, e.g.*, *United States v. Franco-Bonilla*, 2005 WL 3116058, at *4 (M.D. Tenn. Nov. 17, 2005). Illegal re-entry is a Class E felony that carries no statutory mandatory minimum term of imprisonment and a statutory maximum of two years. (Doc. 23, at 1.) The Government concedes that "none of the usual aggravating factors that may increase the punishment for illegal reentry—multiple prior removals or an aggravated felony conviction—is present here." (Doc. 26, at 3.) The Government's categorical assertion that "all federal felonies are serious" (*id.*) contradicts Sixth Circuit guidance that "a primary method of judging the seriousness of an offense is by comparing it to other crimes," but that a "mechanical test" need not be used "to label an offense 'serious' or 'not serious.'" *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994). Because Defendant's offense is less serious than most other federal offenses and no aggravating factors apply in this case, this factor favors dismissal with prejudice.

With respect to the second factor, the facts and circumstances surrounding the indefinite delay and subsequent dismissal were entirely within the control of the Executive Branch of the United States Government. (Doc. 26, at 3.) As the Government states in its response, "The delay was a consequence of [ICE]'s decision to remove the defendant prior to the resolution of this charge." (*Id.*) Although the usual analysis of these factors emphasizes the length of the delay, here the delay has so far been short but extends indefinitely into the future. Further, although there is no evidence of bad faith, prosecutorial misconduct, or a pattern of negligence on the part of the Government, *see United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004), the Executive Branch's decision to prioritize Defendant's deportation over his criminal prosecution is the sole reason that Defendant is not present to proceed with the prompt trial to which he is entitled. Even if the Court credits the Government's argument that it should not hold the "prosecutorial arm of the United States responsible for the defendant's removal from the United States[,]" Defendant played absolutely no role in his removal and deprivation of a speedy trial. Under these circumstances, this factor weighs in favor of dismissal with prejudice.

Third, the Court must consider the impact of a reprosecution on the administration of justice. "This factor requires the district court to consider whether the delay has prejudiced the defendants and whether dismissal with prejudice is warranted to ensure future compliance with the [Speedy Trial] Act." *United States v. Kottmyer*, 961 F.2d 569, 573 (6th Cir. 1992). Dismissing this indictment without prejudice, even though the Executive Branch has chosen to deport a defendant and thereby prevent him from standing trial, would disincentivize compliance with the Speedy Trial Act and would encourage violation of it with impunity. Furthermore, district courts in the Sixth Circuit are also required to consider the impact of a reprosecution on a defendant's liberty. *United States v. Moss*, 217 F.3d 426, 432 (6th Cir. 2000) (explaining that the

4

district court should have considered the defendant's "incarceration and its impact on his life circumstances"). Defendant argues that this Speedy Trial Act violation has caused him to suffer actual prejudice, and the Court agrees. (Doc. 25, at 3.) In this district, Zone A defendants are typically "fast-tracked," which prevents them from overserving their time by remaining in pretrial custody longer than a guideline sentence. *See* E.D. Tenn. SO-18-06. The typical illegal-reentry defendant before this Court receives a sentence of time served, after spending a few weeks in custody. In this case, Defendant spent a month and fifteen days in custody before he was released on bond and taken into ICE custody. (Doc. 25, at 3.) Defendant was removed after he had already served most of his potential sentence because, had Defendant been convicted, the Court likely would have sentenced him to time served. If Defendant were reprosecuted for this offense, he would again serve time in pretrial custody. Thus, his effective sentence would likely be about twice as long as the sentence the Court would have imposed had Defendant not been deported. It would be unjust to allow the Government's violation of Defendant's Speedy Trial Act rights to result in a more severe sentence for a defendant. The third factor, the impact of a reprosecution on the administration of justice, weighs in favor of dismissal with prejudice.

After considering the factors set out in 18 U.S.C. § 3162(a)(2), the Court finds that all three militate in favor of a dismissal with prejudice.

IV. **CONCLUSION**

Defendant's motion to dismiss the indictment for violation of the Speedy Trial Act (Doc. 25) is **GRANTED**. The Court **DISMISSES** the indictment **WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**